# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**MAURICE DANIEL PATTON,**
**Petitioner,**

**v.**                                                     **Civil Action No. 2:05cv695**
                                                          **Criminal Action No. 2:03cr148**

**UNITED STATES OF AMERICA,**
**Respondent.**

## ORDER AND OPINION

Currently before the court is Maurice Daniel Patton's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255. The petitioner argues that he received ineffective assistance of counsel, that the court erred in applying the guidelines, and that the government breached the plea agreement by not filing a motion for a downward departure. For the reasons set forth herein, however, the court finds that it cannot consider this motion, as it is a second or subsequent effort to obtain collateral relief pursuant to 28 U.S.C. § 2255 that has not been certified by the Court of Appeals. See 28 U.S.C. § 2255. Accordingly, the petition is **DISMISSED**.

## I. Factual and Procedural Background

In an indictment filed September 10, 2003, petitioner was charged with numerous felony counts resulting from a conspiracy to distribute cocaine and cocaine base: Count One, conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of Title 21, United States Code Sections 841(a)(1), (b)(1)(A) and 846; Count Six, possession with intent to distribute cocaine, in violation of Title 21, United States

1

Code Sections 841(a)(1) and (b)(1)(B)(ii), and Title 18, United States Code Section 2; Counts Fifteen, Eighteen, and Thirty, distribution of cocaine base, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(A)(iii), and Title 18, United States Code Section 2; and Counts Eleven and Sixteen, distribution of cocaine, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(B)(ii) and (iii), and Title 18, United States Code Section 2. Petitioner was subsequently charged in a superseding indictment filed on December 17, 2003 with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of Title 21, United States Code Section 841(a)(1), (b)(1)(A), and 846, and with thirteen counts of possession with intent to distribute cocaine and cocaine base, in violation of Title 21, United States Code Sections 841(a)(1). Pursuant to a written plea agreement with the government, petitioner pleaded guilty to the conspiracy charge on March 4, 2004. As part of the plea agreement between petitioner and the United States, the court dismissed the remaining counts of the indictment against him.

Prior to sentencing, a presentence report was prepared by the Probation Office of this court. On August 4, 2004, petitioner appeared for sentencing. He objected to not having been given a three-point deduction to his offense level for acceptance of responsibility. He further objected to the four-level enhancement that he received in the presentence report for taking a leadership role in the offense, alleging that his role as a supplier was not sufficient to be considered "leadership." The court granted petitioner's objection with respect to acceptance of responsibility and overruled petitioner's objection as to his role in the offense. Accordingly, petitioner was sentenced to 324 months imprisonment, to be followed by five years of supervised release. Petitioner's guideline range was 324-405 months, based on an offense level of 39 and a criminal history category of III.

2

As part of his plea agreement, petitioner agreed not to appeal any sentence lawfully imposed, so long as it was within the maximum sentence for the offense.  Accordingly, petitioner did not appeal his sentence.

On May 2, 2005, the petitioner filed his first petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  In his petition, he alleged that he received ineffective assistance of counsel when his attorney, Andrew Protogyrou, failed to file an appeal. In addition, he argued that his punishment was unconstitutionally enhanced by specific sentencing factors, which were not charged against him nor determined true beyond a reasonable doubt by a jury, in violation of his Fifth and Sixth Amendment rights. On September 9, 2005, the government filed its response. On October 14, 2005, this court denied the petitioner's motion.

On November 25, 2005, the petitioner filed the instant petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  In his petition, petitioner alleges that he received ineffective assistance of counsel when his attorney failed to discuss any defense with the petitioner, failed to familiarize himself with the presentence report, and failed to effectively argue that his Sixth Amendment rights were violated by the imposition of sentencing enhancements under the Guidelines. Petitioner further alleges that the court erred in sentencing the defendant under section 3B1.1 of the Sentencing Guidelines, and that the government breached the plea agreement by not moving for a downward departure at sentencing. On January 13, 2006, this court received a letter from the petitioner stating that, based on the Rule 35(b) motion that this court granted on August 16, 2005, he wishes to withdraw the instant petition in order to preserve his right to file a 2255 petition within one year of the Rule 35(b) modification of his sentence.[1]

---

[1] In his January 13, 2006 letter, the petitioner incorrectly asserts that he has one year from the date that this court granted the Rule 35(b) motion to file a motion pursuant to section 2255.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to 28 U.S.C. § 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the Court of Appeals. 28 U.S.C. § 2255. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

In the absence of pre-filing authorization from the Court of Appeals, the district court lacks jurisdiction to consider the instant motion. See Winestock, 340 F.2d at 205. Such authorization will only be granted if the Court of Appeals certifies that the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

However, a modification of a sentence under Rule 35(b) does not effect the finality of a judgment. See 18 U.S.C. § 3582(b); United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001). Therefore, the petitioner does not have a year from the Rule 35(b) modification to file a 2255 petition. Moreover, as explained below, because the petitioner filed a previous 2255 petition on May 2, 2005, and this court ruled on that petition, he is barred from filing any successive petition absent certification by the Court of Appeals.

4

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The petitioner's motion does not fall into either one of these categories; it is not based on newly discovered evidence, nor is it based on a new rule of constitutional law that has been made retroactive by the Supreme Court. Instead, the petitioner is simply resurrecting arguments that he made in his prior 2255 petition. In the absence of certification by the Fourth Circuit, the district court lacks jurisdiction to consider this successive collateral review application.  See id. at 205.

### III.  Conclusion

As the petitioner has not obtained the appropriate certification from the Court of Appeals, the court finds that he is barred from filing a successive section 2255 motion.  Accordingly, the instant motion must be **DISMISSED** because the court lacks jurisdiction to entertain it.  See Winestock, 340 F.3d at 207.

The petitioner is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

> _____/s/_____
> Jerome B. Friedman
> UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 19th, 2006

5